UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| JEREMY D. SCOTT ) <br> ) <br> PLAINTIFF ) <br> -vs- ) <br> ) <br> ) <br> KARL KOCH, THE LAW FIRM ) <br> OF McGLYNN GLISSON & ) <br> KOCH ) <br> DEFENDANTS. ) <br> _____ ) | CIVIL ACTION NO. : _____ <br><br> **COMPLAINT & JURY DEMAND** |

Now comes Plaintiff and in Complaint against Defendants alleges as follows:

## JURISDICTIONAL AVERMENTS

1. Plaintiff is a resident of Jessamine County, Nicholasville, Kentucky.

2. Defendant, Karl Koch is a resident of Baton Rouge, Louisiana, or of a state other than the state of Kentucky.

3. Defendant, The Law Firm of McGlynn Glisson & Koch, hereinafter "The Firm" is a professional corporation organized pursuant to the laws of a state other than Kentucky and with its principal place of business located in a state other than Kentucky.

4. The Firm's principal place of business is located at 340 Florida Blvd, Baton Rouge, Louisiana.

5. Defendants contracted with Plaintiff to supply legal services to Plaintiff within the Commonwealth of Kentucky.

6. Defendants transacted business within the Commonwealth of Kentucky.

7. The amount in controversy exceeds the jurisdictional requirements of this court exclusive of interest and costs.

8. This is a judicial district in which a substantial part of the events and/or omissions giving rise to Plaintiff's claim occurred.

9. This action is brought pursuant to the provisions of U.S.C. 28 § 1332.

### COUNT I

10. Plaintiff incorporates all prior allegations as if completely reiterated.

11. Defendants under the terms of the agreement between the parties provided legal services to Plaintiff in litigation that was pending in Breathitt County Circuit Court in Jackson, Kentucky entitled, *Jeremy D. Scott v. Hayes Automotive Inc., Yamaha Motor Corporation, U.S.A. Yamaha Motor Company LTD., bearing Civil Action Number 04-CI-302.*

12. Defendants owed Plaintiff a duty of both due diligence, and honesty under the terms of their agreement and the relationship it created with Plaintiff.

13. Defendants had an obligation to be candid with Plaintiff and advise Plaintiff of any and all circumstances that Defendants knew and/or should have known would have negatively and/or positively affected Plaintiff's litigation.

14. Defendants breached the agreement between the parties in that Defendants intentionally secreted factual information regarding illegal drug use and/or addiction by Defendant, Karl Koch's wife, Marcie Koch, and did not provide Plaintiff or Defendants' co-counsel, Attorney, Eric P. von Wiegen, information in

2

a timely manner regarding the addiction or illegal drug use prior to her being arrested for providing illegal and/or controlled drugs to her infant child and denied Plaintiff and Attorney Eric P. von Wiegen the opportunity to proceed in an alternative manner in order to obtain the most satisfactory result in Plaintiff's original action.

15. Defendants did not adequately or timely provide Plaintiff factual information within their knowledge that would have assisted Plaintiff in understanding potential negative situations that could be raised by opposing counsel and that would have allowed Plaintiff the opportunity to expedite settlement negotiations and accomplish same prior to the public release of the information and/or which would have allowed Plaintiff and their co-counsel the opportunity to evaluate all of the circumstances surrounding Defendants' prior breaches of agreement and to have terminated their representation and involvement in the case.

16. Defendants intentionally did not relay this information to Plaintiff or Co-counsel and further failed to communicate with Plaintiff and/or their Co-counsel in a timely manner during the period of time their co-counsel was conducting settlement negotiations and further Defendants intentionally violated their agreement with Plaintiff and with their co-counsel, in their failing to provide factual information solely within their control to either Plaintiff or their Co-counsel and in their failing to perform to the extent that the terms of the contract between the parties required.

17. As a direct and proximate result of the intentional actions and/or failure to act of Defendants and their breaches of contract Plaintiff suffered damages and

experienced losses and Plaintiff's opportunity to obtain a satisfactory full recovery in his litigation was substantially and unnecessarily undermined, interfered with, diminished and reduced.

**WHEREFORE,** Plaintiff prays for the following relief:

A. For compensatory damages in such amounts, in excess of the minimum jurisdictional limits of this court, as will reasonably and fairly compensate Plaintiff individually, as allowed by law, for all of his respective individual losses, past, present and future set forth in the Complaint and as proven by the evidence at the trial of this cause; and,

B. For punitive damages against Defendants in such amount, as to each, as necessary and appropriate to accomplish the societal purposes thereof; and,

C. For Plaintiff's costs and fees incurred in this case; and,

D. For prejudgment interest on all damages and costs awarded in the trial of this case; and,

E. For post judgment interest on all damages and costs awarded in the trial of this case; and,

F. For any and all other relief to which the Plaintiff may appear to be entitled; and,

G. For trial by jury.

_____
Kevin George
Attorney at Law
429 W Muhammad Ali Blvd
404 Republic Bldg.
Louisville, KY 40202
502-569-2727 phone
502-569-2731 fax
KgeorgeLou@mac.com