UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JEREMY D. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:07-373-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| KARL KOCH, et al., | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*     \*\*     \*\*     \*\*     \*\*

This matter is before the Court on Defendants' Motions for Summary Judgment and to Stay Discovery [Record No. 25, 26]. Plaintiff has responded with an Opposition to Defendants' Motion for Summary Judgment and to Stay Discovery [Record No. 29], in which he seeks relief under Fed. R. Civ. P. 56(f). Finally, Defendants' have filed a Reply in further support of their Motion for Summary Judgment [Record No. 31], in which they state their opposition to Plaintiff's request for relief under Fed. R. Civ. P. 56(f). These motions are now ripe for decision.

**I.   Background**

In August 2003, Plaintiff Jeremy Scott was involved in an all-terrain vehicle ("ATV") accident in Breathitt County. As a result, he suffers from complete quadriplegia. He retained attorney Eric von Wiegen to file a products liability suit against Yamaha, the manufacturer of the ATV. [Exh. A to MJS, at ¶ 2.] Attorney von Wiegen, in turn, retained Defendant Koch as co-counsel, in part

-1-

because Koch, an attorney practicing in Baton Rouge, Louisiana, had previously obtained a sizeable verdict against Yamaha in a similar case. [*Id.* at ¶ 4.]

On July 1, 2004, by and through Attorney von Wiegen, Scott commenced a lawsuit in the Breathitt County Circuit Court against Yamaha Motor Corporations of the USA and Japan and Hayes Automotive, an ATV seller/distributor, seeking redress for his injuries. A mediation held in September 2006 was unsuccessful, but settlement discussions continued nonetheless. Trial was set for March 2007.

On December 21, 2006, Koch's wife was arrested after taking their 7-week old son to the hospital for seizure-like symptoms where it was determined that the baby had cocaine in his system because Mrs. Koch had used cocaine then breastfed her son.[1] Scott received word of Mrs. Koch's initial arrest on December 26, 2006, from attorney von Wiegen. After receiving word of Mrs. Koch's initial arrest, Scott settled his claims against Yamaha for $2.5 million.[2]

_____

[1]
Mrs. Koch was later arrested for a second time at an airport for possession of cocaine and other drugs. She eventually died of an overdose in August 2007 after failing to successfully complete drug rehabilitation.

[2]
Thereafter, on February 21, 2007, von Wiegen filed an action against Koch in Fayette Circuit Court, claiming that Koch breached the agreement that existed between Koch and von Wiegen regarding their representation of Scott. That matter was removed to this Court and is styled *von Wiegen v. Koch*, Lexington Civil Action No.

-2-

On November 1, 2007, Plaintiff Scott filed his Complaint and Jury Demand in the present suit.  In his Complaint, Scott claims that he was forced to settle his claim against Yamaha for less than it was worth due to Defendants' alleged delay in disclosing Koch's wife's drug addiction and related legal issues.  In his Complaint, Plaintiff avers that:

> Defendants owed Plaintiff a duty of both due diligence, and honesty under the terms of their agreement and the relationship it created with Plaintiff.
>
> Defendants had an obligation to be candid with Plaintiff and advise Plaintiff of any and all circumstances that Defendants knew and/or should have known would have negatively and/or positively affected Plaintiff's litigation.

[Record No. 1, Compl. at ¶¶ 12-13.]  Specifically, Koch avers that Defendants:

> . . . intentionally secreted factual information regarding illegal drug use and/or addiction by Defendant, Karl Koch's wife, Marcie Koch, and did not provide Plaintiff or Defendants' co-counsel, Attorney, Eric P. von Wiegen, information in a timely manner regarding the addiction or illegal drug use prior to her being arrested for providing illegal and/or controlled drugs to her infant child and denied Plaintiff and Attorney Eric P. von Wiegen the opportunity to proceed in an alternative manner in order to obtain the most satisfactory result in Plaintiff's original action.

[Compl. at ¶ 14.]

---

07-cv-125-JMH.  That matter is consolidated with the present action solely for the purposes of discovery.

-3-

Plaintiff continues, claiming that "Defendants did not adequately or timely provide Plaintiff factual information within their knowledge that would have assisted Plaintiff in understanding potential negative situations that could be raised by opposing counsel," thus allowing Plaintiff to expedite settlement negotiations so that Plaintiff could negotiate a settlement prior to the public release of the information or terminate representation by Koch and his firm. [Compl. at ¶ 15.]

Plaintiff also claims that:

> Defendants intentionally did not relay this information to Plaintiff or Co-counsel and further failed to communicate with Plaintiff and/or their Co-counsel in a timely manner during the period of time their co-counsel was conducting settlement negotiations and further Defendants intentionally violated their agreement with Plaintiff and with their co-counsel, in their failing to provide factual information solely within their control to either Plaintiff or their Co-counsel and in their failing to perform to the extent that the terms of the contract between the parties required.

[Compl. at ¶ 16.]  He concludes the sole count of his Complaint, averring that:

> As a direct and proximate result of the intentional actions and/or failure to act of Defendants and their breaches of contract Plaintiff suffered damages and experienced losses and Plaintiff's opportunity to obtain a satisfactory full recovery in his litigation was substantially and unnecessarily undermined, interfered with, diminished and reduced.

[Compl. at ¶ 17.]

In short, Plaintiff's complaint avers malpractice on the part
of Defendant Koch and the law firm of McGlynn, Glisson & Koch for
failing to disclose his wife's drug addiction and illegal drug use
prior to her arrest for transmitting illegal or controlled drugs to
her infant child through breastmilk.  By not disclosing the
information, Plaintiff argues that he was placed in an untenable
position during settlement negotiations and in preparation for
trial.  Had the information been disclosed sooner, he theorizes
that he might have proceeded differently and obtained a more
favorable settlement.

Ultimately, Plaintiff's claim turns on whether the information
about Marcie Koch would have impacted the resolution of his claim.
At the time that he learned of Mrs. Koch's arrest and while
settlement negotiations were ongoing, Plaintiff Scott was worried
about the allegations of Marcie Koch's drug addiction and abuse
because:

> . . . some witnesses had claimed [that Scott]
> was drinking and/or doing drugs at the time of
> [his] accident and attorney von Wiegen had
> told [Scott] that in order to win [his] case
> [they] needed to prove beyond any doubt that
> there was no alcohol or drugs associated with
> [him] because in Breathitt County that could
> ruin [his] chances of winning.

[Scott Aff. at ¶ 10.]

As Scott has explained:

> My mother and I were up all night talking

about the situation and concerned that if the
defendants learned of the drug charges against
Mrs. Koch they might withdraw their settlement
offer and I was in no condition economically
or physically to handle that possibility.

Attorney von Wiegen spoke with us regarding
the situation but could not guarantee the
defendants would not withdraw their offer if
they learned of the drug use by Mrs. Koch and
we were especially concerned that she exposed
her infant to cocaine.  We knew that jurors
would not accept that.

Attorney von Wiegen felt that we could have
obtained additional money beyond what they
were offering at the time.  Even though
attorney von Wiegen felt we might get
substantially more money, I was not able to
handle the pressure created by the incident
involving Mr. Koch and my concern that the
defendant would learn  of it and withdraw
their offer.  I was also concerned that it
would ruin my case before a jury and
instructed Attorney von Wiegen to settle the
case.

[*Id.* at ¶¶ 11-13.]  Plaintiff has presented no evidence of any

other person's impressions or concerns about his case in light of

the information about Marcie Koch nor has he indicated whether any

Yamaha representatives or any other relevant individual was even

aware of the information.


II.  DISCUSSION

   A.  Plaintiff's Motion for Relief Under Fed. R. Civ. P. 56(f)

Fed. R. Civ. P. 56(f) provides that:

If a party opposing [a] motion [for summary
judgment] shows by affidavit that, for
specified reasons, it cannot present facts

-6-

essential to justify its opposition, the court
may . . . deny the motion; . . . order a
continuance to enable affidavits to be
obtained, depositions to be taken, or other
discovery to be undertaken; or . . . issue any
other just order.

There is no absolute right to additional time for discovery
when a party opposing a motion for summary judgment seeks relief
under Fed. R. Civ. P. 56(f). *Lewis v. ACB Bus. Servs., Inc.*, 135
F.3d 389, 409 (6th Cir. 1998). Rather, Plaintiff "must show how
postponement of a ruling on the motion will enable him to rebut the
motion for summary judgment." *Allen v. CSX Transp., Inc.*, 325 F.3d
768, 775 (6th Cir. 2003). He must explain what additional
discovery is sought and how it would affect the outcome. *See id.;
see also Lewis*, 135 F.3d at 409. Relief under Fed. R. Civ. P.
56(f) is properly denied where the affidavit submitted in support
of the request for relief does not state how discovery would shed
further light on the specific issue underlying the summary judgment
motion. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720-21 (6th
Cir. 2004); *Powers v. McGuigan*, 769 F.2d 72, 76 (2d Cir. 1985)
("where the discovery sought would not meet the issue that the
moving party contends contains no issue of fact, it is not an abuse
of discretion to decide the motion for summary judgment without
granting discovery.").

In this instance, relief is properly denied as Plaintiff has
not shown "how postponement of a ruling on the motion will enable
him to rebut the motion for summary judgment" or what additional

-7-

discovery is even sought and how it would affect the outcome.  See *Allen*, 325 F.3d at 775*; Lewis*, 135 F.3d at 409.  The affidavit of Plaintiff's counsel, Hon. Kevin George, offered in support of the request for relief, states only that:

> Plaintiff does not have sufficient information and evidence gathered in the proper format to completely rebut defendant's Motion for Summary Judgment but knows that if discovery is allowed in this case, then the information shall be forthcoming.

[George Aff. at ¶ 11.]

Rather than identifying what discovery, if any, would shed further light on the issues raised in Defendants' Motion for Summary Judgment, Plaintiff argues that Defendants' motion focuses solely on the issue of whether Defendant met the standard of care applicable to attorneys in the Commonwealth of Kentucky with regard to "Marcie Koch's drug use, hospitalizations and arrests."  [*Id.* at ¶ 12.]  According to Hon. George, this is only "one manifestation of events that prevented [Defendant Koch] from meeting his legal duties, responsibilities and contractual obligations with plaintiff."  [*Id.*]

Plaintiff, thus, requests relief under Fed. R. Civ. P. 56(f) because he believes that some portion of his Complaint has not been made the subject of Defendants' Motion for Summary Judgment.  That is not, alone, a reason to stay a decision on the issues which are

-8-

raised in the pending Motion for Summary Judgment.[3]  Certainly, the
Court must afford the parties adequate time for discovery, in light
of the circumstances of the case, before ruling on summary judgment
motions. *Plott v. General Motors Corp.*, 71 F.3d 1190, 1195 (6th
Cir. 1995)  Plaintiff has provided no reason for this Court to
believe that adequate time for discovery has not been had with
regard to the issues raised in Defendants' Motion for Summary
Judgment in this matter.  As further discovery will not aid in the
adjudication of the issue of law presented by that Motion,
Plaintiff's request for relief under Fed. R. Civ. P. 56(f) shall be
denied.

   **B.   Defendant's Motion for Summary Judgment Under Fed. R.
         Civ. P. 56(c)**

---

[3]
     The Court is not persuaded that some portion of the Complaint
survives the disposition of the claims at bar upon Defendants'
Motion for Summary Judgment.  Plaintiff's unamended Complaint
clearly turns on the allegation that Defendants intentionally
concealed information of illegal drug use and addiction to drugs by
Marcie Koch and nothing more.  Plaintiff's theory, in its entirety,
is that failure to provide that information in a timely manner
denied "Plaintiff and Attorney Eric P. von Wiegen the opportunity
to proceed in an alternative manner in order to obtain the most
satisfactory result in Plaintiff's original action."  There is no
averment in the Complaint that Plaintiff was wronged because
"Defendants did not participate in discovery, settlement efforts,
trial preparation to the degree agreed upon and payment of his
portion of expenses," as Plaintiff now argues, nor has Plaintiff
moved to amend his Complaint to include such an averment. [Record
No. 29-2 at 3.]
     All of this said, to the extent that Plaintiff is requesting
further discovery in order to support another cause of action or an
alternative theory to support his presently pled causes of action,
the Court notes that discovery is not meant to be a fishing
expedition, and his request for relief shall be denied.

### 1.    Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."  The moving party may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The nonmoving party "cannot rest on [her] pleadings," and must show the Court that "there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997).  She "must set forth specific facts showing that there is a genuine issue," such that a jury could reasonably decide in her favor at trial. *AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 792 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).  "When a defendant moves for summary judgment on the ground that the plaintiff lacks evidence of an essential element of [her] claim, as in the present case, Rule 56 requires the plaintiff to present evidence of evidentiary quality that demonstrates the existence of a genuine issue of material fact." *Bailey v. Floyd County Bd. of Edu.*, 106 F.3d 135, 145 (6th Cir. 1997).  Without such evidence, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

In considering a motion for summary judgment, the court must construe the facts in the light most favorable to the nonmoving party, but it "need not accept as true legal conclusions or unwarranted factual inferences." *Anderson*, 477 U.S. at 255; *Morgan v. Church's Fried Chicken*, 829 F.3d 10, 12 (6th Cir. 1987).

### 2.   Plaintiff's Claim of Malpractice Must Fail

To demonstrate legal malpractice, Plaintiff must demonstrate: (1) the existence of an employment relationship between plaintiff and attorney; (2) that the attorney failed in his or her duty to exercise the ordinary care that a reasonably competent attorney acting in the same or similar circumstances would have exercised; and (3) that the attorney's negligence was the proximate cause of his client's damages.[4]   *Marrs v. Kelly*, 95 S.W.3d 856, 860 (Ky.

---

[4]
Plaintiff's Complaint also avers that Defendants breached the contract to provide legal representation to him.  Plaintiff's theory of breach of contract, on the facts alleged, does not differ from his claim for malpractice sounding in negligence. Specifically, Plaintiff does not claim that Defendants failed to provide him legal services; rather, he claims that Defendants failed to adequately perform those services.  In any event, Plaintiff cannot show that Defendants' alleged breach of their contract for legal services, which took the form of failing to earlier disclose Marcie Koch's drug addiction and abuse, was the cause of any damages available to him for the reasons set forth above.  Whether his claim sounds in tort or contract, Plaintiff must still present evidence to demonstrate that Defendants' actions or inaction caused his alleged damages and that those damages claimed – the difference between the amount he believes that he might have recovered and the amount of his settlement – are not

2003).

On the issue of causation, the Kentucky Court of Appeals has held that:

> We may assume malpractice on the part of defendants but every malpractice action does not carry with it a right to monetary judgment. It is the law that a malpractice action against an attorney cannot be established in the absence of a showing that his wrongful conduct has deprived his client of something to which he would have otherwise been entitled.

*Mitchell v. Transamerica Ins. Co.*, 551 S.W.2d 586, 588 (Ky. Ct. App. 1977) (reversing jury award of compensatory and punitive damages in favor of plaintiffs against defendant attorney).   In other words, a plaintiff must show that the alleged malpractice "caused him to lose something to which he would have otherwise been entitled . . . ." *Kirk v. Watts*, 62 S.W.3d 37, 44 (Ky. Ct. App. 2001); *Mattingly v. Hoge*, Civil Action No. 3:06-cv-301-H, 2007 WL 204008, *6 (W.D.Ky. Jan. 23, 2007) ("Any claim of damage must be founded upon or causally related to the loss of a legal right."). "[T]he plaintiff must show that he/she would have fared better in the underlying claim; that is, but for the attorney's negligence, the plaintiff would have been more likely successful." *Marrs v. Kelly*, 95 S.W.3d 856, 860 (Ky. 2003); *see also Scattoloni v.*

---

speculative.  As outlined in this memorandum opinion and order, he has not done so.  On the facts alleged and the evidence presented (or the lack thereof), his claim for breach of contract fails, as well.

-12-

*Hallenberg*, No. 2006-CA-001893, 2008 WL 2219779, *3 (Ky. Ct. App. May 30, 2008) (plaintiff could not demonstrate that, but for his attorney's alleged negligence, he would have negotiated a purchase agreement containing a default provision that would have prevented his losses).

Although settlement does not necessarily indicate that Plaintiff intends to forfeit his right to a legal malpractice claim, a plaintiff generally "cannot claim as damages in a legal malpractice case those amounts that [he] voluntarily surrendered in settlement." *Mattingly*, 2007 WL 204008 at *5; *Goff v. Justice*, 120 S.W.3d 716, 723 (Ky. Ct. App. 2002) ("[W]e must look beyond the fact that the underlying claim was settled and consider the position in which the Goffs had been placed by the appellees."). Voluntariness is the key factor, so it is only where an attorney's wrongful actions effectively "force" a plaintiff to settle for an amount less than what the case was actually worth that an action may proceed.

As to the relative worth of the case, a plaintiff's alleged loss must be based on something more than mere speculation. Courts are generally loathe to let claims of malpractice lie where a party has entered into a voluntary settlement and it is anyone's guess as to what award a jury might have made. As the Kentucky Court of Appeals has written:

> It seems to us that the [plaintiffs'] argument
> as to damages is an exercise in the pyramiding

-13-

> of an inference upon an inference.  Trying to
> predict what a jury might do at any given time
> or place is hazardous and is one of the
> vagaries of life.

*Mitchell*, 551 S.W.2d at 588 (dismissing plaintiffs' theory that they could demonstrate that they could have recovered more before Kentucky jury than an Indiana jury).  As in any case, a party defending a motion for summary judgment need not show the amount of damages suffered, but "he is obligated to show that they exist and are not entirely speculative."  *Rafferty v. Nynex Corp.*, 744 F.Supp. 324, 331 n.26 (D.D.C. 1990).[5]

Assuming for the purposes of the present motion, that Scott could demonstrate that Defendants breached a duty owed to Plaintiff, Scott presents no evidence demonstrating that Defendants' failure to earlier disclose his wife's drug addiction or abuse actually "harmed [Plaintiff's] ability to seek a remedy" and forced him to settle his case or deprived him of something to which he would have otherwise been entitled.[6]  *Mattingly,* 2007 WL

---

[5]

Although Defendants have not asked the Court to determine whether Plaintiff has identified any duty owed to Plaintiff by Defendants that could give rise to a claim for malpractice, the Court notes that neither party has identified any reported decision in Kentucky (or anywhere else for that matter), any canon, or rule of professional responsibility, which requires an attorney to keep a client informed as to the mental or physical condition of that attorney's family members.

[6]

While questions of proximate causation are mixed questions of law and fact and questions of fact are generally better suited to jury determination, questions of fact become questions of law when

204008 at *5.   In the first instance, Plaintiff has not brought forth evidence to support his theory that information pertaining to Marcie Koch was "vital to plaintiff's decision making process" and "to the tactics and strategies, and timing employed by attorney von Wiegen."   [Record No. 29-2 at 17.]   The averment is nonsensical considering the tenuous connection between Plaintiff and Marcie Koch.   Marcie Koch was Plaintiff's trial counsel's wife.   There is no evidence that Plaintiff knew or ever met Marcie Koch, whether before or after his ATV accident, or that, coincidentally, he had the same or similar drug addiction or abuse problems.   Information concerning Ms. Koch's legal and personal troubles was entirely irrelevant to his cause of action in the underlying suit and would have been inadmissible before the jury.[7]   *See* Ky. R. Evid. 401

---

the facts are undisputed and susceptible of but one inference. *See Ball v. Stalnaker*, 517 F.Supp.2d 946, 950 (E.D.Ky. 2007) (citing *Daugherty v. Runner,* 581 S.W.2d 12, 16 (Ky. Ct. App. 1978); *Trail-Likoy v. St. Joseph Healthcare, Inc.,* No. 2005-CA-000658-MR, 2006 WL 2193496, *1-2 (Ky.Ct. App. Aug. 4, 2006); and *Johnson v. Triangle Insulation,* No. 2002-CA-000882-MR, 2003 WL 21769867, *1-2 (Ky. Ct. App. Aug. 1, 2003)).   Such is the case here.

[7]  Plaintiff also theorizes that such irrelevant information might have reached the jury pool during voir dire – a time in which careful questioning would have permitted Plaintiff to identify and strike those jurors who might have been biased against him on account of such irrelevant information.   Even more of a stretch, he theorizes that jurors might have used Internet search engines to learn more about Koch and, in turn, discovered information about Marcie Koch's misadventures.   Ignoring the speculative quality of such a statement for the moment, the Court wonders would not a jury instruction or admonition have been sufficient to ward off any prejudice?

To the extent that Scott felt that he had to take "into

("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Ky. R. Evid. 402 ("Evidence which is not relevant is not admissible.").

More to the point, there is no evidence that Plaintiff was "painted into a corner" and forced to settle because of the late-breaking information about Marcie Koch. In this sense, the case is distinguishable from that presented in *Kirk v. Watts*, 62 S.W.3d 37 (Ky. Ct. App. 2001). In *Kirk*, the defendant attorney had failed to list his client's viable claim for sexual harassment as an asset on a bankruptcy petition and, thus, the bankruptcy trustee was able to control the course of the litigation and ultimately settled the matter for an amount far less than what plaintiff believed the case was worth. The Kentucky Court of Appeals held that plaintiff had a viable claim against her former attorney because his alleged negligence  caused her to lose control of her sexual harassment claim to the bankruptcy trustee.

Nor does this case present a scenario similar to that presented in *Goff v. Justice*, 120 S.W.3d 716 (Ky. Ct. App. 2003), in which an attorney failed to disclose expert witnesses within the

---

account not only his actions and corresponding rights in regard to his accident and injury, but also the actions of [Defendants] when deliberating his course of action during settlement negotiations," the Court is not persuaded that it is actionable against Defendants.  [Record No. 29-2 at 18.]

time frame set by the court and, as a result, his client was precluded from offering expert testimony at trial in support of her medical malpractice claim. Since defendant counsel's actions had severely limited the evidence that the plaintiff was able to present at trial, the Kentucky Court of Appeals held in *Goff* that the plaintiff's legal malpractice claim presented an issue of material fact on causation and, thus, survived the settlement of her underlying medical malpractice case.

*Kirk* and *Goff* are part of a continuum which includes *Mitchell v. Transamerica,* 551 S.W.2d 586*,* in which the defendant attorney failed to file suit on behalf of two individuals injured in an automobile accident in advance of the running of the statute of limitations in Kentucky. Having been informed of the running of the statute, the plaintiffs in *Mitchell* fired the defendant-attorney and proceeded before the Indiana courts with new counsel. There, in lieu of trial, the plaintiffs obtained a settlement of $60,000, some $40,000 over the figure contemplated by the plaintiffs and their original lawyer. Despite their success, the plaintiffs sued the original attorney for malpractice for allowing the statute to run. The Kentucky Court of Appeals determined that Plaintiff could not demonstrate causation or damages, original counsel's actions notwithstanding, because defendant counsel did not essentially deprive the plaintiffs of their right to bring suit somewhere nor did the actions affect the underlying claim and

presentation of that claim before the Indiana courts.

Considering that the facts of *Kirk* and *Goff* presented a triable issue of fact with regard to causation and the facts of *Mitchell* merited a dismissal, the Court concludes that Plaintiff's claim does not present an issue which must be submitted to a jury or which warrants relief.   Plaintiff's claim sits far beyond *Mitchell* in the continuum described above.   Defendants' alleged actions notwithstanding, Plaintiff always had access to a court of competent jurisdiction in Breathitt County.   Plaintiff has presented no evidence that Defendants actions ever impeded Plaintiff's ability to discover evidence, present evidence, or proceed to trial.   It follows that Plaintiff decided voluntarily to settle his case, and he obtained no small sum from Yamaha for dismissing his claims.

Even though Defendants' actions might have impacted *Plaintiff's* reasoning, making him uncomfortable with representation by Koch or causing him to lose confidence in Koch as counsel, there is no evidence that Defendants' actions would have necessarily impacted or actually did impact anyone else's beliefs about the evidence, the case as a whole, or the case's value, or even that the information about Marcie Koch would have ever reached a jury's ears.[8]   Finally, it is impossible to say that any jury would have

---

[8] Plaintiff has even sworn that, after he and his other counsel, von Wiegen, learned of the situation with Marcie Koch, von Wiegen

awarded more had the matter gone to trial or that a greater settlement might have been accomplished if Plaintiff had simply bided his time. Plaintiff's "[c]onclusory assertions, supported only by Plaintiff's own opinions, cannot withstand a motion for summary judgment." *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008); *Ross v. Duggan,* 402 F.3d 575, 588 (6th Cir. 2004) ("naked speculation, conjecture, hunches, hypothesizing, intuitions, innuendo, insupportable 'inferences,' empty theorizing, creative guesswork, and wishful thinking" are insufficient to withstand summary judgment). Plaintiff has failed to set forth specific facts showing that there is a genuine issue of material fact, such that a jury could reasonably decide in his favor at trial. *AutoZone, Inc.*, 373 F.3d at 792. Summary judgment for Defendants is appropriate, and it will be granted.

## IV. CONCLUSION

Plaintiff has come forward with no evidence to support the allegation that he "was essentially strong-armed into a settlement" because Defendants did not provide him or von Wiegen timely notice of Marcie Koch's drug addiction or abuse. Even if Defendants breached a duty of care or other obligation owed to Plaintiff, they did not deny Plaintiff a forum of competent jurisdiction, foreclose any cause of action Plaintiff might have had, or otherwise limit

---

told Plaintiff that he might obtain more in settlement if he would continue negotiating.

his ability to present evidence at trial or, for that matter, in the course of negotiating a settlement.  It follows that they did not deny him any opportunity for recovery to which he was otherwise entitled.

Having had the benefit of a voluntary settlement, Plaintiff now wishes to present his case again and try to obtain a larger award for his injuries by a proxy jury.  Effectively, Plaintiff asks this Court to let him have his cake and eat it, too, and the Court declines to permit such relief, and Defendant's motion for summary judgment shall be granted for the reasons stated above.

Accordingly, **IT IS ORDERED**:

(1)  that Plaintiff's Motion for Relief under Fed. R. Civ. P. 56(f) shall be, and the same hereby is, **DENIED**;

(2)  that Defendant's Motion for Summary Judgment [Record No. 25] shall be, and the same hereby is, **GRANTED**;

(2)  that Defendant's Motion to Stay Discovery [Record No. 26] shall be, and the same hereby is, **DENIED AS MOOT**.

This the 1st day of August, 2008.



Signed By:

_**Joseph M. Hood**_

**Senior U.S. District Judge**

-20-